IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:13cr288-MHT |
| DELFINO PEREZ-GOMEZ | ) | (WO) |

OPINION AND ORDER

This case is before the court on defendant Delfino Perez-Gomez's motion to continue. The government does not oppose the request. For the reasons set forth below and based on the representations made on the record on April 9, 2014, the court finds that jury selection and trial, now set for April 14, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(D) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period "any period of delay resulting from other proceedings concerning the defendant, including ... (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1). It further excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual

or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and defendant Perez-Gomez in a speedy trial.  Perez-Gomez is charged with illegal reentry into the United States following a removal by immigration enforcement authorities.  He filed a motion to dismiss his indictment based on procedural defects in his original removal proceeding.  The motion raises complex issues of constitutional and immigration law. The magistrate judge issued a recommendation that the court deny that motion, to which objections are not due until April 9, 2014, leaving only two business days before the scheduled trial.  In addition, the court expects the government to file a responsive brief to the objections and Perez-Gomez to file a reply to that.  A

3

continuance is justified to allow for the proper resolution of the complex motion.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue filed by defendant Delfino Perez-Gomez (doc. no. 45) is granted.

(2) The jury selection and trial for defendant Perez-Gomez, now set for April 14, 2014, is reset for August 11, 2014, at 10:00 a.m., at the G.W. Andrews Federal Building & United States Courthouse, 701 Avenue A, Opelika, Alabama.

DONE, this the 9th day of April, 2014.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE